IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 11, 2005

**RICKY RAY REED, JR. v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Tipton County**
**No. 3428     Joseph H. Walker, Judge**

_____

**No. W2004-00798-CCA-R3-PC  - Filed April 1, 2005**
_____

The Appellant, Ricky Ray Reed, Jr., appeals the judgment of  the Tipton County Circuit Court denying his petition for post-conviction relief.  Reed collaterally challenges his jury conviction for second degree murder.  On appeal, Reed argues that trial counsel's failure to pursue an insanity defense constituted ineffective assistance of counsel.  After review of the record, we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J. C. MCLIN, JJ., joined.

J. Barney Witherington, IV, Covington, Tennessee, for the Appellant, Ricky Ray Reed, Jr.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and J. Walter Freeland, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Procedural History**

The Appellant was indicted for first degree murder for killing the victim, Tony Terrell Moss. On May 5, 1998, a Tipton County jury convicted him of second degree murder.  The Appellant was subsequently sentenced, as a violent offender, to twenty years in the Department of Correction.  The following facts were established on appeal:

> On March 11, 1997, the [Appellant] and his cousin . . . were driving around Covington, Tennessee, when the [Appellant] pulled up behind Corey Dean's parked car. The [Appellant] pointed a shotgun at Dean, and once Dean saw the gun, he got in his car and tried to escape. The [Appellant] followed Dean for a few minutes and

then saw the victim, Tony Moss, and Dwayne Draine drive by. At that point, the [Appellant] stopped following Dean and started following the victim and Draine. The [Appellant] flashed money at the two men in attempt to get them to stop.

[The Appellant], shotgun in hand, yelled at the victim and Draine to give him all of their money. [The Appellant's cousin] tried unsuccessfully to get the [Appellant] to calm down. Because of the [Appellant's] violent behavior, [his cousin] exited the [Appellant's] car at the next stop sign. The victim and Draine drove off, thinking that they finally had gotten away from the [Appellant]. However, when the victim and Draine parked outside their home a few minutes later, the [Appellant] suddenly appeared, pulled up beside their vehicle, stuck his shotgun out of the passenger window of his car, and shot the victim in the mouth.

*State v. Ricky Ray Reed, Jr.*, No. W2001-02155-CCA-R3-CD (Tenn. Crim. App. at Jackson, June 25, 2002). After turning himself in, the Appellant gave a statement to police in which he admitted that he shot the victim because the victim was a drug dealer. *Id.*

On November 19, 2003, the Appellant filed a *pro se* petition for post-conviction relief. After the appointment of counsel, an amended petition was filed asserting, among other issues, that counsel was ineffective for failing to pursue an insanity defense based upon the Appellant's prior mental history and because a family member had been diagnosed with schizophrenia. A hearing was held on February 13, 2004, at which only the Appellant and trial counsel testified. After hearing the evidence presented, the post-conviction court found that counsel was not ineffective and denied the petition. This appeal followed.

**Analysis**

On appeal, the Appellant raises the single issue of whether he was denied the effective assistance of counsel at trial. Specifically, the Appellant contends that trial counsel was ineffective by failing to utilize an expert to present an insanity defense on his behalf. According to the Appellant, the "circumstances of the present case should have been screaming-out to [trial counsel] to pursue an insanity defense."

To succeed on a challenge of ineffective assistance of counsel, the Appellant bears the burden of establishing the allegations set forth in his petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f) (2003). The Appellant must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), the Appellant must establish (1) deficient performance and (2) prejudice resulting from the deficiency. The petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). This deference to the tactical decisions of trial counsel is dependant upon a showing that the

decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992). It is unnecessary for a court to address deficiency and prejudice in any particular order or even to address both if the petitioner makes an insufficient showing on either. *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069.

The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). "[A] trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). However, *conclusions of law* are reviewed under a purely *de novo* standard with no presumption that the post-conviction court's findings are correct. *Id*.

To establish a defense based on insanity, a defendant must prove by clear and convincing evidence that "at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature or wrongfulness of such . . . acts." Tenn. Code Ann. § 39-11-501(a) (2003). Furthermore, a mental disease or defect does not constitute a defense unless it renders the defendant incapable of appreciating the wrongfulness of his or her actions. *Id*.

The Appellant, who was nineteen years old at the time of the crime, testified at the hearing that he had been diagnosed as paranoid schizophrenic and was on medication when he committed the murder. However, the Appellant offered no proof supporting a diagnosis of schizophrenia. During the State's proof, the Appellant's mental health history, which consisted of three visits to a counseling center, was introduced. At the time of the Appellant's first visit, he was sixteen. On the last two visits, he was entering his senior year of high school. The initial evaluation of the counseling center indicates the following:

> . . . [Appellant] and his father get into drunken brawls. . . . [Appellant] is in the 10th grade and attends Alternative School at Brighton for cursing a teacher. He was suspended last year for fighting and stated he can't remember how many suspensions he has had over his school career. He was arrested 3-4 months ago for possession of crack cocaine with intent to sell. . . . [Diagnosis:] [Appellant] tends to take little responsibility for his behavior. . . . [H]is frustration surfaces as a Conduct Disorder, Solitary Aggressive Type and Alcohol Abuse. . . .

Notes taken during the Appellant's last visit to the counseling center state:

> . . . [Appellant] is here at suggestion of D.A. and mother. . . . [Appellant has had] [a]t least 3 court appearances, disorderly conduct, assault charge while at school, last year and current charge (this month) possession of cocaine. . . . He has a [history] of

selling drugs - cocaine & marijuana. . . . [Diagnosis:] Cannabis Dependence . . . / Intermittent explosive Disorder.

Additionally, trial counsel testified that an order for a mental evaluation of the Appellant was obtained from the General Sessions Court. The evaluation was conducted by the forensic unit of Middle Tennessee Mental Health Institute (MTMHI). The evaluation revealed that the Appellant was competent to stand trial and that an insanity defense could not be supported.

Trial counsel testified that he was of the opinion that a defense of insanity was not established by the facts based upon his conversations with the Appellant's doctors at MTMHI and his review of the Appellant's mental health records. Furthermore, trial counsel saw no need to contact an independent expert. Instead, trial counsel pursued a defense based upon chemical diminished capacity because the Appellant was under the influence of cocaine and alcohol at the time he committed the murder. After reviewing the evidence presented, the post-conviction court found that:

> [c]ounsel was not ineffective in regard to the defense presented. There was no proof
> to support an insanity defense. The defense presented worked with the jury, in that
> the [Appellant] was acquitted of first degree murder, which the facts of this case
> would have supported, and found guilty of second degree murder. . . . [Counsel] filed a motion for mental evaluation in Sessions Court, which was granted. [Counsel]

reviewed the report and spoke with the physicians who treated the [Appellant] in the past. [Appellant] had been diagnosed with intermitten explosive disorder, which was not helpful to the defense of murder charges. [Appellant] had a prior history of conduct disorder, and no history of a mental illness which would absolve him of the responsibility for the murder. The evaluation did not present an insanity defense.

We agree with these findings. The record demonstrates that trial counsel diligently investigated the possible defense of insanity but found no support for it based upon his investigation. Trial counsel made a tactical decision to pursue the defense of diminished capacity, which, as the post-conviction court noted, was successful in that the Appellant was convicted only of the lesser offense of second degree murder.

Additionally, the Appellant has failed to present any evidence that a defense of insanity would have been viable on the date of the crime. He argues that it is "fundamentally unfair" to require him to present expert testimony at his own expense. However, the Appellant has failed to introduce any medical evidence or mental health records which would support his claim of insanity. No mental health experts were called to testify at the evidentiary hearing. We cannot conclude that it is fundamentally unfair to require the Appellant to present some evidence of his claim, as the burden of proof rests upon him. Moreover, we are unwilling to set aside a conviction simply because a defendant says he was insane when he committed the crime and because the defendant has a family member who suffers from a mental illness. Proof of deficient representation by failure to act requires more than a speculative showing of lost potential benefits. *Robert Lee Goss et al v. State*, No. W2001-02504-CCA-R3-PC (Tenn. Crim. App. at Jackson, Aug. 13, 2002). The Appellant has

failed to establish that trial counsel was deficient for failing to pursue this defense. *See James E. Jackson v. State*, No. M2001-02005-CCA-R3-PC (Tenn. Crim. App. at Nashville, Dec. 6, 2002); *see also Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). Thus, this issue is without merit.

## CONCLUSION

Based upon the foregoing, we conclude that the Appellant has failed to demonstrate that he received ineffective assistance of counsel. Accordingly, the judgment of the Tipton County Circuit Court is affirmed.

_____
DAVID G. HAYES, JUDGE